UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| COMMONWEALTH OF KENTUCKY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:20-cv-140-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM STRASBURG, | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

William Strasburg is a resident of Fairfax, Virginia. Proceeding without an attorney, Mr. Strasburg has filed a "Motion for Removal to Federal Court under 28 U.S.C. §§ 1441 and 1443, 18 U.S.C. § 241 and 242, 42 U.S.C. § 1983," in which he seeks to remove the proceedings in against him in *Commonwealth v. William Joseph Strasburg*, No. 20-M-00413 (Carter Dist. Ct.) from the Carter County (Kentucky) District Court to the United States District Court. [R. 1.] A review of the Kentucky Court of Justice's online court records shows Mr. Strasburg was charged in a citation filed on October 9, 2020, with operating on a suspended/revoked operator's license in violation of KRS § 186.620(2), failure to surrender a revoked operator's license in violation of KRS § 186.610(4), and possessing a license when privileges are revoked or suspended in violation of KRS § 150.235(4).[1] [R. 1-1.] Strasburg's arraignment was scheduled for November 18, 2020, the same day that he filed this removal notice. [R. 1-1.]

---

[1] *See* https://kcoj.kycourts.net/CourtNet (last accessed on November 18, 2020). The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980); *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969); *see also* Fed. R. Evid. 201(b)(2).

Mr. Strasburg states that this Court has "original jurisdiction" over his state misdemeanor proceedings "on the grounds that existing Kentucky law, statute, and/or commonly accepted police practices violate the Fourth and Sixth Amendments of the U.S. Constitution." [R. 1 at 1.] He further challenges the propriety of the proceedings that apparently led to the suspension of his driver's license in the Commonwealth of Virginia, claiming that he had no notice of the suspension and that the Commonwealth of Virginia "has illegally suspended his license over a court matter in Virginia that was already removed to federal court," thus it had no jurisdiction to suspend his license. *Id.*[2]

Federal law permits a defendant in a state criminal proceeding to remove the case to federal court, but only under very limited circumstances. Specifically, 28 U.S.C. § 1443 permits the removal of a state criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. However, neither provision permits removal here.

The Supreme Court long ago determined that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Because Strasburg is neither a federal officer, nor is a he a

---

[2] Strasburg previously filed a similar removal notice seeking to remove criminal proceedings charging Strasburg with attempt to cause malicious bodily injury to another, vehicular "hit & run" and failure to stop at the scene of an accident, and intentional damage to property pending against him in the County of Fairfax, Virginia, to the United States District Court for the Eastern District of Virginia. *Commonwealth of Virginia v. Strasburg*, 1:20-cv-242-LO-TCB (E.D. Va., July 7, 2020). That action was dismissed by the federal district court on August 20, 2020, prior to the Kentucky charges at issue in this case. *Id*.

2

person authorized to assist federal officials in executing their duties related to the enforcement of a law providing for equal civil rights, this subsection does not provide a basis for removal. *See Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979).

Nor is removal proper under § 1443(1). To be entitled to removal under § 1443(1), a defendant must meet both requirements of that subsection: "[t]hey must show both that the right upon which they rely is a 'right under any law providing for equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of [the state]." *State of Ga. v. Rachel*, 384 U.S. 780, 788 (1966). The Supreme Court has instructed that "the phrase 'any law providing for equal civil rights' must be construed to mean any law providing for the specific civil rights stated in terms of racial equality." *Id*. at 792.

Thus, in *Rachel*, the Supreme Court held that the "broad contentions" made by the criminal defendants seeking removal "under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Id*. The Court further explained that "[w]hen the removal statute speaks of 'any law providing for equal rights,' it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all." *Id*. (quoting *People of State of New York v. Galamison*, 342 F.2d 255, 269, 271 (2d Cir. 1965)). Thus, "[m]ore general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014). Rather, the Supreme Court explained that it "seems clear that…Congress

3

intended in that phrase [any law providing for equal civil rights] only to include laws comparable in nature to the Civil Rights Act of 1866." *Rachel*, 384 U.S. at 790. *See also Tennessee Dep't of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015).

Mr. Strasburg makes no allegation that he has been denied a right guaranteed to him pursuant to a federal law providing for equal civil rights. Instead, he relies on the guarantees of the Fourth and Sixth Amendment, both of which (like due process and § 1983) generally apply to all persons or citizens and thus cannot support a valid claim for removal under § 1443.

Moreover, even if Mr. Strasburg had relied upon a law providing for equal civil rights, his petition still fails to justify removal. As the Supreme Court has explained:

> The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966). For this reason, a petitioner must not only assert that the state court will not enforce a federal right, "that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice." *Hawaii v. Macomber*, 40 F. App'x 499, 500 (9th Cir. 2002) (quoting *California v. Sandoval*, 434 F. 2d 635, 636 (9th Cir. 1971) (*per curiam*)). Strasburg's vague claim that "existing Kentucky law, statute, and/or commonly accepted police practices violate the Fourth and Sixth Amendments of the U.S. Constitution" falls woefully short of the specificity required to justify the extreme (and very rare) step of removal of his state criminal proceedings to this Court.

Where it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," the district court should summarily remand the action. 28 U.S.C. § 1455(b)(4). For all the reasons set forth above, it is readily apparent that removal is inappropriate here.

Accordingly, it is **ORDERED** as follows:

1. Mr. Strasburg's Motion for Removal to Federal Court under 28 U.S.C. §§ 1441 and 1443, 18 U.S.C. § 241 and 242, 42 U.S.C. § 1983 **[R. 1]** is **DENIED**

2. Mr. Strasburg's Motion for Leave to Proceed *In Forma Pauperis* **[R. 3]** and Motion for Hearing **[R. 4]** are **DENIED AS MOOT**;

3. This action is **REMANDED** to the District Court of Carter County, Kentucky;

4. The Clerk of Court shall **FORWARD** a certified copy of this Memorandum Opinion and Order to the Clerk of the District Court of Carter County, Kentucky, referencing *Commonwealth v. William Joseph Strasburg*, No. 20-M-00413 (Carter Dist. Ct.);

5. The Carter District Court may proceed with these actions without further impediment; and

6. This matter is **DISMISSED** and **STRICKEN** from the docket of the Court.

This 20th day of November, 2020.



Gregory F. Van Tatenhove
United States District Judge

5